IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JANIE P. KINSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-850-MEF-TFM |
| | ) | [wo] |
| ASSURANCE AMERICA | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 6, filed October 22, 2012).  Pending before the Court is Defendant's *Motion for Summary Judgment* (Doc. 4, filed October 5, 2012).  The Court has carefully reviewed the Motion for Summary Judgment, the brief filed in support of and in opposition to the motion, and the supporting and opposing evidentiary materials.  For good cause, it is the RECOMMENDATION of the Magistrate Judge that the Defendant's Motion be GRANTED.

### II. FACTUAL BACKGROUND

On October 26, 2009, Plaintiff Janie P. Kinsey ("Kinsey" or "Plaintiff") was involved in an automobile accident in Dothan, Alabama with Xavier Pierre Dunlap ("Dunlap").  *See*

Doc. 4 at 1.  Kinsey's vehicle was deemed a total loss and Kinsey suffered some personal injuries.  *See* Doc 1-1 at 1.  At the time of the accident, Dunlap carried an automobile liability insurance policy with Defendant Assurance America Insurance Company ("AAIC" or "Defendant").  *See* Doc. 4 at 1-2.  The parties attempted to resolve the issue, but were not successful.  *See* Doc. 4 at 2.  As a result of the inability to reach a settlement, on March 9, 2011, Kinsey filed a pro se lawsuit against AAIC in this Court ("*Kinsey I*").  *See* Doc. 4-2 at 2-4; *see also Kinsey v. Assurance Am. Ins. Co.*, 1:11-CV-166-MEF, 2011 WL 1344180 (M.D. Ala. Apr. 8, 2011) report and recommendation adopted, 1:11-CV-166-MEF, 2011 WL 1545969 (M.D. Ala. Apr. 25, 2011).  The Court held that "Alabama law is clear that before Kinsey can bring suit against Assurance, she must first obtain a judgment against Assurance's insured motorist," and "because Kinsey has not yet obtained a judgment against Assurance America's insured, the claim she presents against Assurance is 'without arguable merit in fact or law,' and she has failed to state a claim for which relief may be granted. Consequently, this action is due to be dismissed as frivolous."  *Id.* at *1-*2.

Despite this Court's ruling, on September 25, 2012, Kinsey filed another complaint against AAIC in the Circuit Court of Houston County in Dothan, Alabama.  *See* Doc. 1-2.  On October 2, 2012, AAIC filed a Notice of Removal with the Circuit Court of Houston County and with this Court ("*Kinsey II*").  *See* Docs. 1-3 and 1-4.

### III. JURISDICTION

The district court has diversity jurisdiction over the claims in this action pursuant to

28 U.S.C. § 1332.  The plaintiff is a resident and citizen of Headland, Houston County, Alabama, and the defendant is a South Carolina corporation with its principal place of business in Atlanta, Georgia.  *See* Doc. 1 at 1.  The plaintiff's complaint alleges that she is entitled to damages in the amount of $200,000.00; thus the amount in controversy exceeds $75,000.00.  *See* Doc. 1-2 at 1.  The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

### IV.  SUMMARY JUDGMENT STANDARD

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)[1]; *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotations omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto

---

[1] The Eleventh Circuit overruled its prior holdings with regards to the heightened pleading standard for § 1983 claims that were asserted against government officials in their individual capacity. The Eleventh Circuit subsequently held that "[p]leadings for § 1983 cases involving defendants who are able to assert qualified immunity as a defense shall now be held to comply with the standards described in *Iqbal*."  *Randall*, 610 F.3d at 709 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.").

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a)-(b). Summary judgment is appropriate when the moving party establishes that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a);[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct 2548, 2552-53, 91 L.Ed.2d 265 (1986); *Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1231-32 (11th Cir. 2011). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also Ritchey v. S. Nuclear Operating Co., Inc.*, 2011 WL 1490358 (11th Cir. 2011) (unpublished opinion quoting *Anderson*). At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. Only disputes about the material facts will preclude the granting of summary judgment. *Id.*

The movant bears the initial burden of proof. *Celotex*, 477 U.S. at 323, 106 S.Ct. at

---

[2]   Effective December 1, 2010 Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." FED. R. CIV. P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word-genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id.* "'Shall' is also restored to express the direction to grant summary judgment." *Id.* The Advisory Committee was careful to note that the changes "will not affect the continuing development of the decisional law construing and applying these phrases." *Id.* Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule. *Id.*

2552.  A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1).  The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial.  *Clemons v. Dougherty Cnty., Ga.*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Rule 56, the non-movant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Moore*, 637 F.3d at 1232 (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510).  The court must view the facts and draw all reasonable inference in favor of the nonmoving party.  *Id*. (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)); *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1265 (11th Cir. 2007) ("We view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion.").  However, to avoid summary judgment, the nonmoving party "must do more than

simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356 (citations omitted). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lejaun v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990). "Speculation does not create a *genuine* issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted) (emphasis in original). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2510-11 (citations omitted). In short, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

## V. DISCUSSION AND ANALYSIS

### A.   *Res Judicata*

AAIC asserts Kinsey's claims are barred by *res judicata*. *See* Doc. 4 at 2. *Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citing *Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990)). "Our res judicata analysis has always required a consideration of the facts and legal theories of two causes of action as well as the rights and duties involved in each case." *Draper v. Atlanta*

*Indep. Sch. Sys.*, 377 Fed. Appx.937, 940 (11th Cir. 2010) *certiorari denied*, 131 S.Ct. 342, 178 L.Ed. 22 223 (Oct. 4, 2010) (citing *Manning v. City of Auburn*, 953 F.2d 1355, 1359 (11th Cir. 1992). "We have consistently concluded that when the substance and facts of each action are the same, res judicata bars the second suit." *Id.* The Eleventh Circuit summarized the doctrine of *res judicata* as follows:

> Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit. ... In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

*I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986) (internal citations omitted); *see also Ragsdale*, 193 F.3d at 1238 (stating four elements). For a claim to be barred by *res judicata* (claim preclusion) it must meet all four of these elements.

The general rule is that a federal court will apply the law of the state in which it sits on the doctrine of *res judicata*. *Wesch v. Folsom,* 6 F. 3d 1465 (11th Cir. 1993); *but see, Diaz v. Moore,* 861 F.Supp. 1041, 1046, fn 16 (N.D. Fla.1994) (recognizing that some courts have called this rule into question, where, as in the instant case, a federal court is "considering the preclusive effect of a prior *federal court judgment*") (emphasis in original). Federal common law and Alabama common law are consistent as to the law of *res judicata* and the court will rely on both state and federal cases in this recommendation. The court now turns its attention to how the elements of *res judicata* apply in the instant action.

i.      **Court of Competent Jurisdiction**

The United States District Court has jurisdiction over *Kinsey I* and *II* under 28 U.S.C.

§ 1332 (diversity jurisdiction).  *See Kinsey*, 1:11-CV-166-MEF, 2011 WL 1344180, *1.

ii.     **Identical Parties**

Parties are "identical" for the purposes of *res judicata* when they are the same or in

privity with one another.  *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990). In both

*Kinsey I* and *II*, the sole named defendant is AAIC and the sole named plaintiff is Kinsey.

*See Kinsey*, 1:11-CV-166-MEF, 2011 WL 1344180.  AAIC and Kinsey are thus identical

parties.

iii.    **Same Cause of Action**

In *Manning v. City of Auburn*, the Court summarized the law regarding when a cause

of action is the same for purposes of *res judicata* as follows:

> In this circuit, the determination of whether the causes of action in two
> proceedings are the same is governed by whether the primary right and duty
> are the same. *Hunt,* 891 F.2d at 1561 (quoting *Kemp v. Birmingham News
> Co.,* 608 F.2d 1049, 1052 (5th Cir. 1979)); *I.A. Durbin, Inc. v. Jefferson Nat'l
> Bank,* 793 F.2d 1541, 1549 (11th Cir. 1986). The test is one of substance, not
> form. *I.A. Durbin,* 793 F.2d at 1549. Res judicata applies "not only to the
> precise legal theory presented in the previous litigation, but to all legal theories
> and claims arising out of the same 'operative nucleus of fact.'" *Hunt,* 891 F.2d
> at 1561 (despite variations in legal theories used and remedies sought, second
> suit barred because wrongful act in both cases was flying Confederate flag
> atop state capitol) (quoting *Olmstead v. Amoco Oil Co.,* 725 F.2d 627, 632
> (11th Cir. 1984)); *Jaffree v. Wallace,* 837 F.2d 1461, 1468 (11th Cir. 1988)
> (second suit barred because "[b]oth cases raised first amendment (free exercise
> and establishment clause) challenges to use of textbooks and teachings on
> various subjects"); *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 (5th Cir.
> 1983) (section 1983 action against city that refused to hire plaintiff as

firefighter due to her sex precluded by earlier Title VII action on same facts).
953 F.2d 1355, 1358-59 (11th Cir. 1992).

In *Kinsey I*, Kinsey asserted that due to an October 26, 2010 automobile accident in Houston County, she suffered a personal injury requiring transportation to Flowers Hospital. *See Kinsey*, 1:11-CV-166-MEF, Compl., Doc. 1 at 2.  The identical issue was presented in the case at bar.[3]  *See* Doc. 1-2 at 1.

### iv.    Final judgment

On April 25, 2011, Judge Mark E. Fuller, District Judge of the United States District Court for the Middle District of Alabama entered an order in *Kinsey I* adopting the magistrate judge's recommendation that the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  *See Kinsey*, 1:11-CV-166-MEF, Orders, Docs. 9, 11.  The Court also issued a "Final Judgment" in favor of the defendant and against the plaintiff and dismissed the action.  *Id.*, Final Judgment, Doc. 12.  The Court specifically stated that "[t]he clerk of the court is directed to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure."  *Id.*  Thus, it is clear to this Court that there was a "final judgment" entered in *Kinsey I* dismissing Kinsey's case as frivolous.

Kinsey argues that she has several cases in this Court and that they have all been appealed to the Eleventh Circuit, who has overturned, vacated, set aside, and voided all previous judgments of the district court; therefore, there is no final judgment.  *See* Doc. 10

---

[3] Although Kinsey asserts in this case that the accident occurred on October 26, 2009, it is clear to the Court that it is the same incident.

Page 9 of  15

at 1.  Kinsey did, in fact, appeal *Kinsey I*. *See Kinsey*, 1:11-CV-166-MEF, Notice of Appeal, Docs. 13.   However, on July 8, 2011 the Eleventh Circuit dismissed Kinsey's appeal as frivolous.  *Id.*, Order, Doc. 17 at 3.  Upon Kinsey's motion to reinstate, on January 19, 2012, the Eleventh Circuit again reiterated that Kinsey's appeal was frivolous and that nothing in her brief "constitutes a colorable argument of arguable merit regarding the district court's dismissal order."  *See* Doc 4-4 at 2.

Despite repeated explanations by this Court of the Eleventh Circuit's opinions in Kinsey's cases, both verbally and in written opinions, she continues to make the same frivolous argument misrepresenting the Eleventh Circuit's opinions.  On October 5, 2010, Chief District Judge William K. Watkins convened a hearing "to explain to the Plaintiffs that not only did they lose at the district court level, but they also lost on appeal."   *Kinsey v. Watkins*, 2:11-CV-165-MEF, 2011 WL 1832966, *1 (M.D. Ala. Apr. 26, 2011) *report and recommendation adopted*, 2:11-CV-314-MEF, 2011 WL 1832967 (M.D. Ala. May 13, 2011) *aff'd*, 460 F. App'x 877 (11th Cir. 2012).  Likewise, the undersigned attempted to explain that the Eleventh Circuit opinions have not resulted in the outcomes that Kinsey interprets them to be:

> Plaintiffs seem to be operating under the false impression that the Eleventh Circuit gave them a monetary judgment in their favor. Rather, the record clearly establishes that the Eleventh Circuit affirmed the district court's dismissal of the case. Clearly, the Plaintiffs do not understand that this means the Eleventh Circuit agreed with Judge Watkins and determined that the Plaintiffs previous case should be dismissed—thus, there is no money judgment despite Plaintiffs' lack of understanding.

*Id.* at n. 2.   Kinsey has continued to filing pleadings in several cases misrepresenting Eleventh Circuit opinions to this Court.

Under Rule 11 of the Federal Rules of Civil Procedure, an attorney or *pro se* plaintiff can subject themselves to sanctions by making false representations to the court.[4]   FED R. CIV. P. 11(b).   Rule 11(b), in relevant part, reads as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law [. . .].

*Id.*   Clearly, Kinsey's repeated arguments surrounding the Eleventh Circuit's opinions have not been formed "after an inquiry reasonable under the circumstances," and are not "warranted by existing law."  *Id.*   Kinsey has repeatedly raised this argument in numerous cases, arguably with an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  *Id.*   Subsection (b) and (c) requires:

> attorneys and pro se litigants to conduct a reasonable inquiry into the law and facts before signing pleadings, written motions, and other documents, and prescribing sanctions for violation of these obligations....The rule continues to require litigants to "stop-and-think" before initially making legal or factual contentions. It also, however, emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable.

---

[4] "[T]he standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings."  FED. R. CIV. P. 11 advisory committee's note (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

FED R. CIV. P. 11 advisory committee's note.

This Court is issuing Kinsey a very serious warning. If Kinsey persists in misrepresenting the Eleventh Circuit's opinions despite the numerous explanations given to her, the Court will be left with no other choice except to impose sanctions.

The court now turns to whether the *Kinsey I* court's decision on 28 U.S.C. § 1915(e)(2)(B) review was a decision on the merits.

> "A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of the parties disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions. Key factors in determining whether a judgment may be considered as on the merits are that there have been notice and an opportunity to be heard . . .

> "It is not necessary, however, that there should have been a trial. If the judgment is general, and not based on any technical defect or objection, and the parties had a full legal opportunity to be heard on their respective claims and contentions, it is on the merits, *although there was no actual hearing on the facts of the case*."

*Mars Hill Baptist Church of Anniston, Ala., Inc. v. Mars Hill Missionary Baptist Church*, 761 So.2d 975 (Ala. 2000). *See also Bd. of Tr. of the Univ. of Ala. v. Am. Res. Ins. Co., Inc.*, 5 So.3d 521, 533 (Ala. 2008) (same); *A.B.C. Truck Lines v. Kenemer,* 247 Ala. 543, 546, 25 So.2d 511, 513 (Ala.1946) (same). "However, *res judicata* does not apply if there was no final judgment on the merits in the earlier suit." *Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003) (citing *I.A. Durbin, Inc.,* 793 F.2d at 1549).

*Kinsey I* was dismissed on a § 1915 review after Kinsey was allowed to proceed *in*

*forma pauperis*. *Kinsey*, 1:11-CV-166-MEF, 2011 WL 1344180. Section 1915 dismissals

"are not dismissals on the merits and, therefore, do not prejudice the later filing of a paid

complaint." *Hughes*, 350 F.3d at 1161 (citing *Denton v. Hernandez*, 504 U.S. 25, 34, 112

S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992). Both the Supreme Court of the Unites States and

the Eleventh Circuit has "recognized no res judicata effect of § 1915 dismissals on

subsequent paid complaints."[5] *Id*. Although there was a Motion to Dismiss filed in *Kinsey*

*I*, it was denied as moot, and the case was dismissed based upon 28 U.S.C. § 1915(e)(2)(B)(i)

and (ii). *See Kinsey*, 1:11-CV-166-MEF, Docs. 4, 9. As a result, this Court finds that the §

1915 dismissal in *Kinsey I* was not a final judgment on the merits; thus, *res judicata* is not

a bar to the plaintiff's claims in this lawsuit.

## B.     Frivolous Claim

The instant complaint asserts an identical claim against AAIC as those presented to

this Court in *Kinsey*, 1:11-CV-166-MEF, 2011 WL 1344180, which was decided adversely

to Kinsey. Specifically, the Court noted that "Alabama law is clear that before Kinsey can

bring suit against Assurance, she must first obtain a judgment against Assurance's insured

motorist." *Kinsey*, 1:11-CV-166-MEF, 2011 WL 1344180, *1. The Court cited to Supreme

Court of Alabama case law that states:

The injured party, however, can bring an action against the insurer *only after*

---

[5] Since the instant action was removed to this Court and the filing fee was paid for by the
defendant, the plaintiff did not request to proceed *in forma pauperis*. See *Hughes*, 350 F.3d at 1161
(quoting *Denton*, 504 U.S. at 34, 112 S.Ct. At 1734) (stating that § 1915 dismissals "could, however,
have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions.").

he has recovered a judgment against the insured and *only* if the insured was covered against the loss or damage at the time the injured party's right of action arose against the insured tort-feasor.

*Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Brown*, 894 So.2d 643, 648 (Ala.2004) (quoting

*Maness v. Ala. Farm Bureau Mut. Cas. Ins. Co.*, 416 So.2d 979, 981–82 (Ala.1982)).  The

Court expressly determined that since Kinsey had not recovered a judgment against the

insured tortfeasor, her claims were "'without arguable merit in fact or law,' and she has

failed to state a claim for which relief may be granted;" therefore, Kinsey's claims were "due

to be dismissed as frivolous." *Id.* at *2.  There is nothing now before this Court to indicate

any change in the status of Kinsey's procedural posture.  The Court explicitly explained to

Kinsey that to have any recourse against AAIC, she must first recover a judgment against the

insured tortfeasor.  Rather than heed the Court's advice to properly pursue her claim, Kinsey

simply filed yet another complaint against AAIC in state court ignoring the fact that the law

this Court cited in *Kinsey I* was Alabama law.

In light of the foregoing, the Court concludes that Kinsey's claims against AAIC

continue to be frivolous and dismissal of these claims is therefore appropriate because Kinsey

has once again failed to state a claim for which relief may be granted.

## VI. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that the

Defendant's *Motion for Summary Judgment* (Doc. 4)  be **GRANTED**.

It is further ORDERED that the parties file any objections to the this

Recommendation on or before **May 8, 2013.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 24th day of April, 2013.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE